MARC GORDON (DC Bar No. 430168)
marc.gordon@usdoj.gov
(202) 305-0291
(202) 353-7763 (fax)
Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
P.O. Box 7611 – Ben Franklin Station
Washington, D.C. 20044-7611

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. EDCV 16-1196-GW(KKx) |
| Plaintiff, ) | |
| ) | FINDINGS OF FACT |
| v. ) | AND CONCLUSIONS OF LAW |
| ) | |
| 40.00 ACRES OF LAND, MORE ) | |
| OR LESS, SITUATE IN SAN ) | |
| BERNARDINO COUNTY, STATE ) | |
| OF CALIFORNIA; HEIRS OF ) | |
| ELLEN SVENSSON; UNKNOWN ) | |
| OWNERS; STATE OF ) | Trial: November 9, 2017 |
| CALIFORNIA; AND SAN ) | Time: 8:30 a.m. |
| BERNARDINO COUNTY TAX ) | |
| COLLECTOR, et al., ) | |
| ) | The Honorable George H. Wu |
| Defendants. ) | |

Trial by narrative statement pursuant to Local Rule 43-1 commenced on November 9, 2017 at 8:30 a.m. Plaintiff, United States submitted its Trial Brief and the Declaration of Robert W. Colangelo, and appeared by Trial Attorney Marc

Gordon. No answer or appearance was made by any named defendant. Having reviewed the pleadings and papers filed herein, and argument of counsel having been heard, the Court makes these Findings of Fact and Conclusions of Law pursuant to Fed. R. Civ. P. 52.

## I. FINDINGS OF FACT

### A. THE SUBJECT PROPERTY

1. This is an action by the United States to condemn real property. The property is described as follows ("Subject Property"):

> The Southwest one-quarter of the northwest one-quarter of Section 1, Township 31, South, Range 46 East, Mount Diablo Meridian, County of San Bernardino, State of California, according to the Official Plat thereof.
>
> This Tract No. 714 is also known as Assessor's Parcel Number 0507-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, containing 40.00 acres, more or less.

Dkt. 1, Schedule B.

2. The estate taken by the United States in the Subject Property is:

> fee simple title to the land, subject however, to existing easements for public roads and highways, public utilities, railroads and pipelines.

Dkt. 1, Schedule C.

3. Prior to the institution of this action, the Subject Property was owned by the heirs and devisees of Ellen Svensson, deceased, subject to the

administration of her estate, as to an undivided one-half interest, and Irene Bates by affidavit re real property of small value, case no. A167078, a certified copy of which was recorded January 8, 1993 as instrument no. 93-05282, as to an undivided one-half interest, subject to items 12, 13 and 14 of schedule B. *See* Declaration of Robert W. Colangeo ("Colangelo Decl.") ¶ 5.

    4.    Items 12, 13 and 14 reference the interest of Bob York, as a grantee from Arne Bjorklund, and as a successor in interest to Helen Ellen Bjorklund. *Id.* at ¶ 6. Mr. York stated that he was the grandson and only living heir of Ellen Svensson. *Id.* at ¶ 7. Mr. York has been paying the real estate taxes on the property. *Id.*

    5.    In August, 2011, Plaintiff's agency, the United States Army Corps of Engineers ("Corps or COE") entered into an Accepted Offer whereby Robert A. York and Irene A. Bates agreed to sell the Subject Property to the Corps for the sum of $40,000.00. Colangelo Decl. at ¶ 4, Exhibit 1.

    6.    The Corps was unable to complete the transaction because of the outstanding title issues that showed title as to an undivided one-half interest was vested in the heirs and devisees of Ellen Svensson, and the estate had never been probated.

### B.    PROCEDURAL HISTORY

    7.    This action was filed on June 8, 2016. Dkt. 1.

8. The deposit of estimated just compensation of $40,000.00 was made on July 20, 2016. Dkt. 7.

9. The Declaration of Taking was filed on September 22, 2016. Dkt. 10.

10. Notice of Filing Proof of Service by publication was filed on January 17, 2017. Dkt. 16.

11. Notice of Filing Proof of service by certified mail was filed on January 19, 2017. Dkt. 17.

12. No defendants have answered or appeared.

## II. CONCLUSIONS OF LAW

13. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1358.

14. Title to the property and estate as described in the complaint and Declaration of Taking vested in the United States upon the filing of the Declaration of Taking and the deposit of estimated just compensation. *See* 40 U.S.C. § 3114(b).

15. The United States has not demanded a jury trial. No other party has answered or appeared. Accordingly, this action may proceed to trial before the bench without a jury. *Zahn v. Geren*, 245 Fed. Appx. 696, 697 (9th Cir. 2007).

16. Pursuant to Fed. R. Civ. P. 71.1 and the Declaration of Taking Act, 40 U.S.C. § 3114, the two issues before the Court are: (1) the amount of just

4

compensation to be paid by the United States for this taking; and (2) the distribution of the just compensation.  The Court has the authority to determine to whom and how much an award in condemnation should be paid and it has the authority to apportion the award.  *See United States v. 14.02 Acres*, 547 F.3d 943, 956 (9th Cir. 2008) ("In the absence of a contractual arrangement among property owners, it was proper for the district court to apportion the total amount of just compensation by 'judicial intervention.'"), *citing United States v. 1.377 Acres of Land*, 352 F.3d 1259, 1269 (9th Cir. 2003).  *See also* Fed. Rule. Civ. P. 71.1(h) (the court tries all issues unless a jury is demanded or a commission appointed).

17. Plaintiff entered into an Accepted Offer to sell Real Property in the amount of $40,000.00, an amount greater than the Corps' appraisal of the property. Colangelo Decl. at ¶ 4, Exhibit 1.  It is well-established that pre-condemnation contracts, like the one in the case at bar, are enforceable in a condemnation proceeding and bind the parties as to the amount of compensation.  *See United States v. 114.64 Acres of Land*, 504 F.2d 1098, 1100 (9th Cir. 1974), *citing Danforth v. United States*, 308 U.S. 271, 282-83 (1939); *Albrecht v. United States*, 329 U.S. 599, 602-04 (1947).  The United States is bound by the Accepted Offer. Therefore the full and just compensation for the Subject Property is $40,000.00.

18. Judgment shall be entered against the United States of America in the amount of $40,000.00 in favor of Defendants.

5

16cv1196

19. Plaintiff has fully satisfied the Judgment by its deposit of the full amount of just compensation, $40,000.00, into the Registry of the Court.

20. Service having been properly made, and no other parties having appeared in this action, it is proper for this Court to find that title was held by Irene A. Bates as to an undivided one-half interest and by Robert A. York, grandson and heir of Ellen Svensson as to an undivided one-half interest.

21. The Clerk of the Court shall pay the deposited funds ($40,000.00), plus any interest accrued thereon while within the Registry of the Court, less any authorized fees or costs, jointly to:

>Robert A. York and Irene A. Bates
>44737 Leslie Court
>Lancaster, CA 93535

DATED: November 9, 2017

_____
GEORGE H. WU, U.S. DISTRICT JUDGE

Respectfully submitted,

_/s/_____
MARC GORDON (DC Bar No. 430168)
marc.gordon@usdoj.gov
(202) 305-0291
Trial Attorney

U.S. Department of Justice
Environment & Natural Resources Division
P.O. Box 7611 – Ben Franklin Station
Washington, D.C. 20044-7611

Attorney for Plaintiff